

Samuel P. Blatchley
sblatchley@ecklandblando.com
612-236-0160

January 22, 2025

**VIA E-FILING ONLY**

Anastasia Dubrovsky
United States Court of Appeals for the First Circuit Clerk
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

      Re:   *Massachusetts Lobstermen's Association, Inc. v. Janet Coit, et al, Appeal Nos. 24-1480 and 1481 – Federal Rules of Appellate Procedure 28(j) Letter of Supplemental Authority*

Dear Ms. Dubrovsky,

Pursuant to Federal Rules of Appellate Procedure 28(j), Appellee Massachusetts Lobstermen's Association, Inc. informs this Court of a new Executive Order, titled Regulatory Freeze Pending Review, promulgated on January 20, 2025.[1]

This new Regulatory Freeze Pending Review Executive Order provides, in relevant part, at Section 3:

> Consistent with applicable law and subject to the exceptions described in paragraph 1, consider postponing for 60 days from the date of this memorandum the effective date for any rules that

---

[1] The President has directed the Executive Order be published in the Federal Register but, as of the time of this Letter, it has not yet been published. As it does not have a formal number, MLA directs this Court to the White House announcement page for the Executive Order: https://www.whitehouse.gov/presidential-actions/2025/01/regulatory-freeze-pending-review/

> have been published in the *Federal Register,* or any rules that have been issued in any manner but have not taken effect, for the purpose of reviewing any questions of fact, law, and policy that the rules may raise. During this 60-day period, where appropriate and consistent with applicable law, consider opening a comment period to allow interested parties to provide comments about issues of fact, law, and policy raised by the rules postponed under this memorandum, and consider reevaluating pending petitions involving such rules. As appropriate and consistent with applicable law, and where necessary to continue to review these questions of fact, law, and policy, consider further delaying, or publishing for notice and comment, proposed rules further delaying such rules beyond the 60-day period.

The Final Wedge Closure Rule in dispute here could be postponed to the extent the district court's declaratory judgment means it has not taken effect.

MLA makes this Court aware of this supplemental authority in the event the Final Wedge Closure Rule is stayed pursuant to the Regulatory Freeze Pending Review Executive Order prior to a ruling, as this Court's ruling could affect the validity of such a stay. MLA further informs the Court that, in the event of a regulatory stay, MLA may seek a stay of the appeal until the sixty days have expired.

Your time and attention to this matter is appreciated.

Kindest regards,

Samuel P. Blatchley, Esq.

*Eckland & Blando LLP, 22 Boston Wharf Road, 7th Floor, Boston, Massachusetts, 02210 • phone:617.217.6936*
EcklandBlando.com

4858-0690-4836, v. 1

Anastasia Dubrovsky
January 22, 2025
Page 3 of 3

_____

cc:   Daniel J. Cragg, Esq.
      Robert T. Dube Jr., Esq.
      Counsel of Record for Appellees

*Eckland & Blando LLP, 22 Boston Wharf Road, 7th Floor, Boston, Massachusetts, 02210 • phone:617.217.6936*
*EcklandBlando.com*

4858-0690-4836, v. 1